UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America | **Protective Order** |
| v. | **25 Cr. 574 (VSB)** |
| PEDRO MANUEL LOPEZ MARTE,<br>JERRY LOPEZ PAULINO,<br>SERGIO DIAZ RAMIREZ,<br>PEDRO ROJAS,<br>JUSTIN MARTHA,<br>ERICK ROJAS CRUZ,<br>JOSE FERREIRA, and<br>RONALD ARIAS SANTOS,<br><br>*Defendants.* | |

Upon the application of the United States of America, with the consent of the undersigned

counsel, and the defendants represented by undersigned counsel having requested discovery under

Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

**Categories**

1. **Disclosure Material.** The Government will make disclosure to the defendants of

documents, objects and information, including electronically stored information ("ESI"), pursuant

to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general

obligation to produce exculpatory and impeachment material in criminal cases, all of which will

be referred to herein as "Disclosure Material." The Government's Disclosure Material may include

material that (i) affects the privacy, confidentiality and business interests of individuals and

entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of

uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated;

(iv) may be produced with more limited redactions than would otherwise be necessary; and (v) that

2023.11.26

is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sealed Material.** Certain of the Government's Disclosure Material, referred to herein as "Sealed Material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein or information that may reveal trade secrets or other information that may cause financial loss or other harm to a business entity.

3. **Attorney's Possession Only ("APO") Material.** Certain materials in this case raise a particular risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defendant or his counsel that is either (1) designated in whole or in part as "Attorney's Possession Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Possession Only" or "APO" shall be deemed "APO Material." Any material designated as APO Material shall also be deemed Sealed Material.

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

**<u>Disclosure and Treatment</u>**

4. Disclosure Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Disclosure Material on any Internet site or network site, including any social media site, to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media.

2023.11.26

5. Sealed Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court, and may be disclosed by defense counsel to:

a. The defendant;

b. Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; and

c. Prospective witnesses for purposes of defending this action.

6. APO Material received by defense counsel shall be maintained in a safe and secure manner by defense counsel and any personnel for whose conduct defense counsel is responsible; shall not be possessed by the defendant, except in the presence of the defendant's counsel and any personnel for whose conduct defense counsel is responsible; and shall not be disclosed in any form by the defendant, his counsel, or any personnel for whose conduct defense counsel is responsible except as set forth herein.

**<u>Other Provisions</u>**

7. This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and the above provisions.

8. The Government's designation of material will be controlling absent contrary order of the Court. The parties shall meet and confer regarding any dispute over such designations, after which the defense may seek de-designation by the Court. The Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

2023.11.26

9.   The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

10. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including any ESI, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; and the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. If Disclosure Material is provided to any personnel for whose conduct defense counsel is responsible or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

11. This Order places no restriction on a defendant's use or disclosure of ESI or other Disclosure Material that originally belonged to the defendant.

12. The defense shall not provide any Disclosure Material to any foreign persons or entities, except if such persons or entities are personnel for whose conduct defense counsel is responsible or if the Court authorizes such disclosure on a case-by-case basis.

### Non-Arraigned Defendants

13. Disclosure Material may not be shared with any named defendant who has not yet been arraigned in this action or whom the Government has identified as a fugitive. For avoidance of doubt, Disclosure Material may not be shared with defendant Ronald Arias Santos (who has not

2023.11.26

yet been arraigned and is a fugitive) or his counsel until he has been arraigned. Once additional defendants are arraigned, the Government will make disclosure to such defendants. The provisions of this Protective Order shall apply to those defendants and their counsel.

## Cross-Production of ESI

14. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has received, pursuant to warrants issued during the course of the investigation, from various computers, cellphones, and/or other devices and storage media seized from the defendants. Upon consent of all undersigned counsel, the Government is authorized to disclose to undersigned counsel the entirety of such ESI that was seized from the defendants who are represented by undersigned counsel, which shall be deemed Sealed Material unless otherwise designated. Additional defendants will also receive access to such ESI once they are arraigned—and ESI seized from such additional defendants will, likewise, be shared in its entirety with the other consenting defendants—provided that counsel for the additional defendant consents to cross-production of ESI.

2023.11.26

### Retention of Jurisdiction

15. The provisions of this order shall not terminate at the conclusion of this criminal prosecution. The Court retains jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney

by: _____               Date:    _January 23, 2026_____
    James Mandilk
    Assistant United States Attorney

_____                      Date:    _January 27, 2026_
Thomas Dunn, Esq.
Counsel for Pedro Manuel Lopez Marte

_____                      Date:    _____
Louis Fasulo, Esq.
Counsel for Jerry Lopez Paulino

_____                      Date:    _____
Richard Rosenberg, Esq.
Counsel for Sergio Diaz Ramirez

_____                      Date:    _____
Lauren Di Chiara, Esq.
Counsel for Pedro Rojas

_____                      Date:    _____
Kenneth Montgomery, Esq.
Counsel for Justin Martha

_____                      Date:    _____
Kristen Santillo, Esq.
Counsel for Erick Rojas Cruz

_____                      Date:    _____
Sabrina Shroff, Esq.
Counsel for Jose Ferreira

SO ORDERED:

Dated:   New York, New York
        January ___, 2026

                                    _____
                                    THE HONORABLE VERNON S. BRODERICK
                                    UNITED STATES DISTRICT JUDGE

2023.11.26

**Retention of Jurisdiction**

15. The provisions of this order shall not terminate at the conclusion of this criminal prosecution. The Court retains jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney

by: _____          Date:   _January 23, 2026_____
    James Mandilk
    Assistant United States Attorney

                                             Date:   _____
_____
Thomas Dunn, Esq.
Counsel for Pedro Manuel Lopez Marte

*Louis V. Fasulo*                            Date:   2/3/2026_____
Louis Fasulo, Esq.
Counsel for Jerry Lopez Paulino

                                             Date:   _____
_____
Richard Rosenberg, Esq.
Counsel for Sergio Diaz Ramirez

                                             Date:   _____
_____
Lauren Di Chiara, Esq.
Counsel for Pedro Rojas

                                             Date:   _____
_____
Kenneth Montgomery, Esq.
Counsel for Justin Martha

                                             Date:   _____
_____
Kristen Santillo, Esq.
Counsel for Erick Rojas Cruz

                                             Date:   _____
_____
Sabrina Shroff, Esq.
Counsel for Jose Ferreira

*Julie de Almeida*                           Date:  01/24/2026_____
Julie de Almeida
Coordinating Discovery Attorney

SO ORDERED:

Dated:   New York, New York

                                             _____
January ___, 2026                            THE HONORABLE VERNON S. BRODERICK
                                             UNITED STATES DISTRICT JUDGE

6

2023.11.26

## Retention of Jurisdiction

15. The provisions of this order shall not terminate at the conclusion of this criminal prosecution. The Court retains jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney

by: _____     Date:    _January 23, 2026_____
James Mandilk
Assistant United States Attorney

                                   Date:    _____
_____
Thomas Dunn, Esq.
Counsel for Pedro Manuel Lopez Marte

                                   Date:    _____
_____
Louis Fasulo, Esq.
Counsel for Jerry Lopez Paulino

                                   Date:    1/29/2026_____
_____
Richard Rosenberg, Esq.
Counsel for Sergio Diaz Ramirez

                                   Date:    _____
_____
Lauren Di Chiara, Esq.
Counsel for Pedro Rojas

                                   Date:    _____
_____
Kenneth Montgomery, Esq.
Counsel for Justin Martha

                                   Date:    _____
_____
Kristen Santillo, Esq.
Counsel for Erick Rojas Cruz

                                   Date:    _____
_____
Sabrina Shroff, Esq.
Counsel for Jose Ferreira

_____           Date: 01/24/2026_____
Julie de Almeida
Coordinating Discovery Attorney

SO ORDERED:

Dated:   New York, New York

January ____, 2026                  _____
                                    THE HONORABLE VERNON S. BRODERICK
                                    UNITED STATES DISTRICT JUDGE

6

2023.11.26

**Retention of Jurisdiction**

15.  The provisions of this order shall not terminate at the conclusion of this criminal prosecution. The Court retains jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney

by: _____          Date:     _January 23, 2026_____
   James Mandilk
   Assistant United States Attorney


_____          Date:     _____
   Thomas Dunn, Esq.
   Counsel for Pedro Manuel Lopez Marte


_____          Date:     _____
   Louis Fasulo, Esq.
   Counsel for Jerry Lopez Paulino


_____          Date:     _____
   Richard Rosenberg, Esq.
   Counsel for Sergio Diaz Ramirez

*Lauren Di Chiara*          Date:     January 27, 2026
   Lauren Di Chiara, Esq.
   Counsel for Pedro Rojas

*kenneth J. Montgomery*          Date:     _____
   Kenneth Montgomery, Esq.
   Counsel for Justin Martha


_____          Date:     _____
   Kristen Santillo, Esq.
   Counsel for Erick Rojas Cruz


_____          Date:     _____
   Sabrina Shroff, Esq.
   Counsel for Jose Ferreira

*Julie de Almeida*          Date: 01/24/2026_____

Julie de Almeida

Coordinating Discovery Attorney

SO ORDERED:

Dated:   New York, New York

January ___, 2026          _____
                                     THE HONORABLE VERNON S. BRODERICK
                                     UNITED STATES DISTRICT JUDGE

2023.11.26

**Retention of Jurisdiction**

15. The provisions of this order shall not terminate at the conclusion of this criminal prosecution. The Court retains jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney

by: _____                    Date:    _January 23, 2026_____
   James Mandilk
Assistant United States Attorney

_____                    Date:    _____
Thomas Dunn, Esq.
Counsel for Pedro Manuel Lopez Marte

_____                    Date:    _____
Louis Fasulo, Esq.
Counsel for Jerry Lopez Paulino

_____                    Date:    _____
Richard Rosenberg, Esq.
Counsel for Sergio Diaz Ramirez

_____                    Date:    _____
Lauren Di Chiara, Esq.
Counsel for Pedro Rojas

_____                    Date:    _____
Kenneth Montgomery, Esq.
Counsel for Justin Martha

_____                    Date:    January 23, 2026
Kristen Santillo, Esq.
Counsel for Erick Rojas Cruz

_____                    Date:    _____
Sabrina Shroff, Esq.
Counsel for Jose Ferreira

SO ORDERED:

Dated:   New York, New York
       February _10_, 2026

_____
THE HONORABLE VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

6